IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL MOLAN**,

        Plaintiff,

    v.

**DESCHUTES COUNTY SHERIFF'S OFFICE**, **a Department of DESCHUTES COUNTY**, a Political Subdivision of the State of Oregon, **SHANE NELSON**, an individual, and **MICHAEL SHULTS**, an individual,

        Defendants.

_____

Case No. 6:19-CV-01422-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Michael Molan, a police officer with Deschutes County Sheriff's Office, filed this action against all Defendants, alleging various claims stemming from his belief that he was improperly denied a promotion. Defendants moves to dismiss all of Mr. Molan's claim under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Defendants Motion to Dismiss, ECF No. 12, is DENIED in part and GRANTED in part.

## STANDARDS

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp.*

1 – OPINION AND ORDER

*v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-moving party. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## BACKGROUND[1]

 Plaintiff Michael Molan is a police officer who has worked for the Deschutes County Sheriff's Office ("DCSO") since 2002. Compl. ¶¶ 5, 9, ECF No. 1. During his employment with DCSO, Plaintiff was promoted to the SWAT team and had become a firearms instructor. Compl. ¶ 10. These promotions entitled Plaintiff to additional compensation. *Id.*

Sometime in January 2016, Plaintiff critiqued a fellow officer's pat down of a suspect in booking. Compl. ¶ 11. Over a year later that officer, Deputy Turpen, submitted a memorandum about the incident. Compl. ¶ 16. Based on the information in the memorandum, DCSO began an internal affairs ("IA") investigation against Paintiff. Compl. ¶ 19. This ongoing investigation prevented Plaintiff from being considered for an open lieutenant position with the DSCO because

---

[1] As this is Defendants' motions to dismiss, the Court construes all facts in the light most favorable to Plaintiff, the non-moving party.

he was no longer considered in "good standing." Compl. ¶ 20. Plaintiff "believed [that] the IA was being done to prevent him from receiving the [lieutenant] position." Compl. ¶ 25. A month later, DSCO changed their "good standing" policy to no longer exclude officers who were subject to ongoing IA investigations, possibly because of concerns raised by Plaintiff's attorney. Compl. ¶ 28. While Plaintiff asked whether this change applied to him, he received no response. Compl. ¶¶ 28, 31. Plaintiff was also a firearm instructor with DCSO but in September 2017, Plaintiff alleges that colleagues were "told not to use Plaintiff" as an instructor, essentially stripping him of his firearm instructor duties. Compl. ¶ 29.

Plaintiff's pre-disciplinary hearing was postponed multiple times. Compl. ¶¶ 32–33, 36. It was not until January 8, 2018, almost two years after Plaintiff's initial comment to his colleague, that a hearing took place. Compl. ¶ 44. Twenty-three days later, Plaintiff was issued a two-day unpaid suspension as punishment. Compl. ¶ 45. Plaintiff also received a personal improvement plan ("PIP"), which disallowed him from participating in SWAT or serving as a firearms instructor. Compl. ¶¶ 46–47.

When Plaintiff's PIP ended in June 2018, he requested reinstatement on SWAT and as a firearms instructor, but neither occurred. Compl. ¶ 49. Plaintiff then filed multiple grievances about DSCO's failure to reinstate him, but all three of these grievances were denied as untimely. Compl. ¶¶ 55–58, 60. Plaintiff also alleges that he was warned that bringing grievances may harm his employment status, which he brought to his superiors' attention. Compl. ¶¶ 61, 64. Plaintiff submitted a final memo arguing that he had been harassed "by taking away his instructor and SWAT positions without due process and violating the grievance policy by using [Plaintiff's] grievance as a basis for preventing him from returning back to his assignments." Compl. ¶ 65.

3 – OPINION AND ORDER

## DISCUSSION

Defendants move to dismiss all of Plaintiff's claims. The Court addresses each in turn.

## I. Motion One: Whistleblowing Claims

Defendants move to dismiss Plaintiff's whistleblowing claims on two grounds. First, Defendants argue that Plaintiff's whistleblowing claims are untimely. Alternatively, Defendants argue that Plaintiff's claims fail because he has not engaged in protected activity.

### A. Timeliness

Oregon entitles public employees to whistleblower protection. Or. Rev. Stat. §§ 659A.199, 659A.203. "To establish a prima facie case of retaliation under [Oregon's whistleblowing statutes], the plaintiff must demonstrate that (1) he was engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision." *Brunozzi v. Cable Comm.*, 851 F.3d 990, 998 (9th Cir. 2017); *Shepard v. City of Portland,* 829 F. Supp. 2d 940, 965 (D. Or. 2011) (applying the same prima facie test to Or. Rev. Stat. § 659A.203). Both parties agree that Plaintiff's whistleblowing claims are subject to a one-year statute of limitation and that he must allege an adverse employment decision sometime after September 5, 2018. Def.'s Mot. to Dismiss 7–8, ECF No. 12; Pl.'s Resp. to Def.'s Mot. to Dismiss 16, ECF No. 19.

Defendant argues that Plaintiff "does not allege any new discipline or other new unlawful employment action" after September 5, 2018. Def.'s Mot. to Dismiss 8. Plaintiff counters by referencing relevant incidents within the applicable time frame. Pl.'s Resp. to Def.'s Mot. to Dismiss 17–18. From Plaintiff's perspective, these actions evidence Defendants' attempt to dissuade him from making protected disclosures.

Under Or. Rev. Stat. § 659A.199(1):

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee *with regard to promotion, compensation or other terms, conditions or privileges of employment* for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

(emphasis added). Similarly, an adverse employment action under Or. Rev. Stat. § 659A.203 is conduct reasonably likely to deter an employee from engaging in protected activity. *See Hunt v. City of Portland*, 726 F. Supp. 2d 1244, 1256 (D. Or. 2010) (finding that threats of termination were enough state a claim under Or. Rev. Stat § 659A.203).

Plaintiff cites many allegations from his complaint that allegedly show adverse employment actions, but Defendants argue that these are not actionable events alleging injury or adverse action within the statute of limitations. But the Court disagrees. What these examples show are times where Defendants may have continued to deny Plaintiff deserved employment opportunities. For example, Plaintiff points to a meeting in February 2019 where Captain Shults questioned Plaintiff's judgment for filing a grievance and instructed Plaintiff to turn in his SWAT gear. Compl. ¶ 64. By refusing to allow Plaintiff to return to his SWAT position, Defendants potentially "retaliate[d] against an employee with regard to . . . conditions or privileges of employment for the reason that the employees has in good faith reported information that the employee believes is evidence of a violation of a . . . rule or regulation." Or. Rev. Stat. § 659A.199(1). This conduct is also reasonably likely to deter an employee, such as Plaintiff, from filing a grievance in the future. *Hunt*, 726 F. Supp. 2d at 1256. The Court therefore finds that Plaintiff has noted a plausible adverse employment action within the statute of limitations.

*B. Protected Activity*

The Court next turns to Defendants' argument that Plaintiff failed to engage in protected activity. Plaintiff points to eight times when he believes that he made a protected disclosure. Pl.'s Resp. to Def.'s Mot. to Dismiss 21–22. Defendants counter that none of these instances constitute protected activity. Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 3–5, ECF No. 20.

"To qualify for whistleblower protection, a disclosure or report must reveal, to either an internal or external department, agency, or other authority, previously unknown information about employer misconduct." *Biggs v. City of St. Paul*, No. 6:18-CV-506-MK, 2019 WL 4575839, at *12 (D. Or. Mar. 7, 2019), *report and recommendation adopted sub nom. Koch v. City of St. Paul*, No. 6:18-CV-0507-MK, 2019 WL 4544268 (D. Or. Sept. 18, 2019). Defendants argue that the "statements Plaintiff relies on" fail to expose "any new information to anyone within the Sheriff's office or outside the Sheriff's office." Def.'s Mot. to Dismiss 9–10.

The problem with Defendants argument is that it would fail to protect employees who inform their supervisors of alleged wrongdoing, so long as the supervisors were already aware of the malfeasance. Defendants rely on *Folz v. State* to support their proposition that "making the same complaint to the same person cannot be a disclosure or report protected by either statute." Def.'s Mot. to Dismiss 9 (citing 287 Or. App. 667, 674 (2017)). But Defendants misread the Oregon Court of Appeals' holding. The *Folz* court found that their plaintiff "offer[ed] no support . . . that a 'disclosure' or 'report' under [either statute] . . . made in the course of [an employee's] regular work duties as a human resources professional, rises to the magnitude of either a 'disclosure' or 'report' of *wrongdoing*." *Folz*, 287 Or. App. at 674 (emphasis in original) (citing *Bjurstrom v. Or. Lottery*, 202 Or. App. 162, 171 (2005)). Essentially, *Folz* explains that disclosures about workplace malfeasance, if part of one's job duties, does not rise to the level of "protected

6 – OPINION AND ORDER

activity." *Id.* ("Viewing the record in the light most favorable to plaintiff, the most she has established is that she gave advice about an evolving personnel matter as part of her day-to-day responsibilities as a human resources professional and that she expressed those opinions to other participants in that decision-making process as part of that process. Such conduct is neither a 'report' nor a 'disclosure' of wrongdoing.").

Plaintiff's reports and grievances were not part of his regular duties as a police officer, SWAT team member, or firearm instructor. Instead, it is plausible that Plaintiff was concerned with the mismanagement of his employment and then made disclosures about his perceived mistreatment. *See* Compl. ¶¶ 61, 64. Further, just because his superiors might have known that what they were doing was wrong does not then mean that Plaintiff failed to engage in protected activity. For these reasons, Defendants motion to dismiss Plaintiff's whistleblowing claims is DENIED.

## II. Motion Two: 42 U.S.C. § 1983 Claim

Defendants next move to dismiss Plaintiff's 42 U.S.C § 1983 claims that Deschutes County, Sheriff Nelson, and Captain Shults violated Plaintiff's First Amendment rights through retaliation. First Amendment claims against a government employer require "an employee [to] show: (1) that he . . . engaged in protected speech; (2) that the employer took adverse employment action; and (3) that his . . . speech was a substantial or motivating factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (quotations omitted). Speech is "a matter of public concern when it can fairly be considered to relate to 'any matter of political, social, or other concern to the community.'" *Johnson v. Multnomah Cnty.*, 48 F.3d 420, 422 (9th Cir. 1995) (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)). Speech alleging that public officials are not discharging government responsibilities or are undertaking in

wrongdoing or breaches of the public trust qualifies as a matter of public concern. *Connick*, 461 U.S. at 148. Speech is not of public concern when it addresses "individual personnel disputes and grievances." *Coszalter*, 320 F.3d at 973 (citation omitted).

The Court determines whether speech qualifies as a matter of public concern by considering the content, form, and context of a given statement. *Johnson*, 48 F.3d 420, 422 (citing *Connick*, 461 U.S. at 147–48). Among those three factors, content is the most important. *Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (9th Cir. 2009). It is plaintiff's burden to demonstrate that the speech relates to the public concern. *Johnson*, 48 F.3d at 422. Whether the speech is a matter of public concern "is purely a question of law." *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

Defendants argue that Plaintiff's First Amendment claims fail because his alleged protected statements are about individual personnel disputes and grievances. Def.'s Mot. to Dismiss 11; *Coszalter*, 320 F.3d at 973. The Court agrees. As detailed above, Plaintiff alleged protected statements include his concerns with the IA investigation against him and later apprehensions with his superiors' later decision to withhold his former duties from him. *See* Compl. ¶¶ 11, 25, 36, 44; Pl.'s Resp. to Mot. Dismiss 26, 28–30. While Plaintiff tries to define them otherwise, his internal complaints to his employers were complaints about the work environment he faced and do not rise to the level of public concern. *Biggs*, 2019 WL 4575839, at *7 (finding that complaints about work environment were not matters of public concern); *see also Desrochers*, 572 F.3d at 710 ("In a close case, when the subject matter of a statement is only marginally related to issues of public concern, that fact that it was made because of a . . . private interest or to co-workers rather than to the press may lead the court to conclude that the statement does not substantially involve a matter of public concern." (quoting *Johnson*, 48 F.3d at 425)).

Because Plaintiff's alleged statements are not protected speech, Defendants' motion to dismiss Plaintiff's second and third claims is GRANTED and both claims are DISMISSED with prejudice.

### III. Motion Three: Aiding and Abetting Claim

Defendants move to dismiss Plaintiff's claim that Sheriff Nelson and Captain Shults violated Or. Rev. Stat. § 659A.030(1)(g) by aiding and abetting Deschutes County in violating Oregon's whistleblowing statutes. Def.'s Mot. to Dismiss 12.[2] Defendants specifically contend that Plaintiff's aiding and abetting claim fails to state a cognizable claim.

Under Or. Rev. Stat. § 659A.030(1)(g), when a primary actor, such as a supervisory employee, acts on behalf of an entity in the course of their employment, they are not aiding and abetting the entity. *Baker v. Maricle Indus., Inc.*, No. 6:16-CV-01793-AA, 2017 WL 1043282, at *4 (D. Or. Mar. 17, 2017). A supervising employee is the primary actor "if the employee is legally equivalent to the employer, as in a sole proprietorship or arguably when exercising 'executive authority.'" *White v. Amedisys Holding, LLC*, No. 3:12-cv-01773-ST, 2012 WL 7037317, at *5 (D. Or. Dec. 18, 2012), *report and recommendation adopted*, No. 3:12-cv-01773-ST, 2013 WL 489674 (D. Or. Feb. 7, 2013). Plaintiff's complaint alleges that "as supervisory employees at Deschutes County, Sheriff Nelson and Captain Shults' conduct is imputed to Deschutes County by virtue of their positions." Compl. ¶ 102.

Plaintiff's aiding and abetting claim fails for two reasons. First, because Sheriff Nelson and Captain Shults oversee the corrections division, they are primary actors with executive authority who cannot aid and abet themselves. *See Peters v. Betaseed, Inc.*, No. 6:11-cv-06308-AA, 2012

---

[2] Defendants first argue that if the Court were to dismiss the whistleblowing claims, then Plaintiff's aiding and abetting claim must be dismissed because there was no violation. But this argument is moot because the Court finds that Plaintiff provided sufficient evidence to allege a whistleblowing violation.

WL 5503617, at *7 (D. Or. Nov. 9, 2012) ("Because Wickstrom took action to terminate the plaintiff within his role as president of Betaseed, I find that plaintiff's claim against Wickstrom for aiding and abetting under § 659A.030(1)(g) makes little sense under the plain meaning of the statute."). And Plaintiff's attempt to avoid this primary actor rule by naming two defendants is futile because there is no compelling reason why more than one defendant cannot be a primary actor. Pl.'s Resp. to Mot. to Dismiss 32; *Higgins-Walsh v. Bend Storage & Transfer, Inc.*, No. 6:16-CV-02172-JR, 2018 WL 4691626, at *5 (D. Or. Apr. 26, 2018), *report and recommendation adopted*, No. 6:16-CV-02172-MK, 2018 4690359 (D. Or. Sept. 28, 2018) (dismissing aiding and abetting claims against a husband and wife).

Second, Plaintiff's complaint specifically states that Sheriff Nelson's and Captain Shults' actions are "imputed to Deschutes County by virtue of their positions." Compl. ¶ 102. But Plaintiff does not imply anywhere in his complaint that Sheriff Nelson and Captain Shults' actions were outside the course of their employment. Thus, it follows that they cannot be held liable for aiding and abetting Deschutes County because their actions never went beyond their official duties. *McGanty v. Staudenraus*, 321 Or. 532, 538–39 (1995) (finding that the plaintiff could not bring an aiding and abetting claim against a corporate president because he was acting within his official capacity).

Because Sheriff Nelson and Captain Shults were primary actors who were operating within the scope of their employment, Defendants' motion to dismiss Plaintiff's aiding and abetting claim is GRANTED and Plaintiff's claim is DISMISSED with prejudice.

## IV. Motion Four: Intentional Infliction of Emotional Distress ("IIED") Claims

Defendants move to dismiss Plaintiff's IIED claims because Defendants alleged actions do not transgress the bounds of socially tolerable conduct. This argument coincides with the third

factor required for a cognizable IIED claim: (1) that the defendant intended to inflict sever emotional distress on the plaintiff; (2) the defendant's acts were the cause of the plaintiffs sever emotional distress; and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. *McGanty*, 321 Or. at 543.

Trial courts play a gatekeeper role in evaluating the viability of an IIED claim by assessing the allegedly tortious conduct to determine the third factor set forth in *McGanty*; whether the conduct is an extraordinary transgression of the bounds of socially tolerable conduct. *House v. Hicks*, 218 Or. App. 348, 358 (2008). In considering whether a defendant's acts were an "extraordinary transgression," a court must examine the purpose of the conduct and the means used to achieve the result. *Shay v. Paulson*, 131 Or. App. 270, 273 (1994).

The conduct at issue must be deliberate and the ways to inflict the harm must be extraordinary to "distinguish actionable conduct from the insults ... that persons are expected to endure under contemporary standards of behavior," and to assess "objective reality for a claim of harm that otherwise rests only on evidence of the plaintiff's subjective reaction divorced from physiological or other tangible injury." *Brewer v. Erwin*, 287 Or. 435, 457 (1979). The conduct at issue must be "so offensive as to be outrageous." *Shay*, 131 Or. App. at 273 (citing *Hall v. May Dep't Stores Co.*, 292 Or. 131 (1981)). Oregon Courts have even required the alleged conduct to rise to the level of "outrageous in the extreme." *Id.* (citing *Patton v. J.C. Penney Co.*, 301 Or. 117, 124, (1986)). Illustrative of this high bar, Oregon Courts have found that even felonious conduct does not necessarily rise to the level of an IIED claim. *Id.* Oregon Courts also require a special relationship between the parties, *House*, 218 Or. App. at 360.

Even assuming a special relationship between Plaintiff and Defendants, the conduct Plaintiff relies on does not rise to the level of "outrageous in the extreme." *See Shay*, 131 Or. App.

11 – OPINION AND ORDER

at 273. Plaintiff cites many times where Defendants may have treated him poorly or conducted an inadequate investigation against him. *See* Pl.'s Resp. to Mot. Dismiss 33–39. But given the lofty standards to which Oregon Courts hold IIED claims, this conduct simply does not rise to the level of an extraordinary transgression of the bounds of socially tolerable conduct. *McGanty*, 321 Or. at 543. Plaintiff's IIED claims are therefore DISMISSED with prejudice.

**V. Motion Five: 42 U.S.C. § 1985 Claim**

Defendants move to dismiss Plaintiff's claim under 42 U.S.C. § 1985 and, in his response, Plaintiff agreed voluntarily to dismiss this claim. Pl.'s Resp. to Def.'s Mot. to Dismiss 40. As a result, Plaintiff's claim under 42 U.S.C. § 1985 is DISMISSED with prejudice.

## CONCLUSION

As discussed above, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED in part and DENIED in part as follows:

Motion One: DENIED.

Motion Two: GRANTED. Claims two and three are DISMISSED with prejudice.

Motion Three: GRANTED. Claim four is DISMISSED with prejudice.

Motion Four: GRANTED. Claims five and six are DISMISSED with prejudice.

Motion Five: GRANTED. Claim seven is DISMISSED with prejudice.


IT IS SO ORDERED.

DATED this 11th day of September, 2020.

_____s/Michael J. McShane_____
Michael McShane
United States District Judge


12 – OPINION AND ORDER